# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| David Adams, | ) | Civil Action No.: 1:21-cv-01248-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Samuel Wise, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner David Adams, proceeding *pro se*,[1] seeks habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to the United States Magistrate Judge for pretrial handling. On December 7, 2021, the Magistrate Judge issued a Report and Recommendation ("Report") (ECF No. 27) in which she recommended the court grant Respondent's Motion for Summary Judgment. For the reasons below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 27), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 15), and **DISMISSES** the Petition (ECF No. 1) with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. Petitioner was indicted in June 2014 for second-degree criminal

---

[1] Because Petitioner is a *pro se* litigant, his "pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

1

sexual conduct ("CSC") with a minor. (ECF No. 14-3 at 134-35.) Petitioner, represented by plea counsel, pleaded guilty to the offense before a circuit court judge. (ECF No. 14-1 at 21 *et seq*.) The circuit court sentenced Petitioner to an eighteen-year term of imprisonment. (*Id*. at 137.) Petitioner filed a notice of appeal which was dismissed because he failed to provide a sufficient explanation as required by Rule 203(d)(1)(B)(iv) of the South Carolina Appellate Court Rules. (ECF No. 14-2.)

On September 15, 2015, Petitioner filed an application for post-conviction relief ("PCR") in state court, alleging, among other claims, involuntary guilty plea and ineffective assistance of counsel. (ECF No. 14-1 at 5.) Because there was no transcript of Petitioner's guilty plea hearing, the PCR court first heard testimony from plea counsel and the prosecutor to reconstruct the transcript of Petitioner's guilty plea. (ECF No. 14-1 at 21-59.) Immediately thereafter, the PCR court heard evidence related to Petitioner's claims for post-conviction relief, where Petitioner and plea counsel testified. (ECF No. 14-1 at 60-116.) The PCR court subsequently filed an order rejecting Petitioner's claims and denying his PCR application. (*Id.* at 125-33.) Petitioner appealed the PCR court's decision and filed a *Johnson* petition for writ of certiorari before the South Carolina Supreme Court. *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988). (ECF No. 14-3 at 3.) Petitioner's counsel then certified the petition as without merit and requested to withdraw from the case. (ECF No. 14-4.) The South Carolina Supreme Court transferred the petition to the South Carolina Court of Appeals, which subsequently denied certiorari and issued a remittitur on December 16, 2020. (ECF No. 14-9.)

Petitioner then filed this Petition for Writ of Habeas Corpus. (ECF No. 1.) Petitioner argues he is entitled to relief for four reasons: (1) involuntary guilty plea in violation of the Fourteenth Amendment (*id*. at 5), (2) ineffective assistance of counsel for plea counsel's failure to

2

conduct an adequate investigation of the DNA results, including the seizure of Petitioner's DNA (*id*. at 7), (3) denial of Petitioner's Fourth Amendment rights with respect to the collection of his DNA (*id*. at 8), and (4) the State's failure to provide medical records and statements of the victim in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963) (*id*. at 10).

Respondent filed a Return and Motion for Summary Judgment (ECF Nos. 14 & 15), to which Petitioner filed a Response (ECF No. 23), and Respondent replied (ECF No. 25). The Magistrate Judge recommends this court grant summary judgment for Respondent because Petitioner failed to demonstrate that he is entitled to relief on any of the four grounds raised in the Petition. The Report addressed each ground separately.

First, the Magistrate Judge explained that Petitioner had failed to submit "clear and convincing evidence to rebut the PCR court's credibility findings or other factual findings." (ECF No. 27 at 20.) The Magistrate Judge summarized testimony from the reconstruction/PCR hearing and reiterated that the PCR court's credibility determinations are entitled to deference. (*Id*. (citing *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008); 28 U.S.C. § 2254(e)(1)).) While Petitioner contradicted the testimony of the prosecutor and plea counsel at the hearing, he could not point to specific facts demonstrating that the court's credibility findings were in error. Petitioner's challenge to the adequacy of the record was similarly without merit. (ECF No. 27 at 20.) The Magistrate Judge dismissed Petitioner's argument on this ground because Petitioner could cite no law establishing that testimony from the plea judge, court reporter, and Petitioner himself was constitutionally required for a proper reconstruction of plea hearing. (*Id*. at 21-22.) Noting that Petitioner had the opportunity to testify during the reconstruction portion of the joint hearing but chose not to do so, the Magistrate Judge concluded that he had not met his burden to rebut the PCR

3

court's findings of fact and could not support his contention that his plea was involuntary. (*Id*. at 25.)

As to the remaining three grounds, the Magistrate Judge determined Petitioner had not met his burden of demonstrating, by clear and convincing evidence, that the PCR court's factual and legal findings were unreasonable. She recommended this court grant Respondent's Motion for Summary Judgment and dismiss the Petition with prejudice. (*Id*. at 33.) Petitioner filed Objections on January 3, 2022. (ECF No. 31.)

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which provides that a federal district court has jurisdiction to entertain a § 2254 petition when the petitioner is "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

## III.     LEGAL STANDARD

### A.     The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to–including those portions to which only "general and conclusory" objections have been made–for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter

with instructions.  *See* 28 U.S.C. § 636(b)(1).

**B.**     <u>**Motion for Summary Judgment**</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a).  The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248.  Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252.  The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party to avoid summary judgment.  *See id.* at 248.

**C.**     <u>**Petitions for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254**</u>

State prisoners have a statutory right to seek habeas relief in federal courts.  *See* 28 U.S.C. § 2254(a).  However, a court's review of a § 2254 petition filed after April 24, 1996, is limited by provisions of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (codified as amended in scattered sections of 28 U.S.C.).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as

determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.  28 U.S.C. § 2254(d)(1)–(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."  *Williams*, 529 U.S. at 410.  "Rather, that application must also be unreasonable."  *Id*.  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## IV.     ANALYSIS

Each of Petitioner's three objections relates to Ground One of his Petition, insisting that his guilty plea was involuntary.  (ECF No. 31 at 2, 4, 6.)   The court addresses them in turn.

### A.  The Prosecutor's Testimony

First, Petitioner challenges how the Magistrate Judge summarized the prosecutor's testimony from the reconstruction hearing.  (ECF No. 31 at 2-4.)  Petitioner claims that on cross examination, the prosecutor was unable to remember if the plea court specifically advised Petitioner of his right to remain silent and asked whether he suffered from mental disabilities at the time of the plea.  (*Id*. at 2-3.)  Petitioner argues that this constitutes a "silent record," such that the PCR court's conclusion that he understood and waived his rights knowingly and voluntarily were "based on an unreasonable determination of the facts in light of the evidence presented."  (*Id*. at 4.)

Petitioner's argument misapprehends the record.  The PCR court considered testimony from both the prosecutor and plea counsel in reconstructing the plea court's colloquy with the

6

Petitioner. Both affirmed Petitioner had waived his rights. While the prosecutor indeed testified that she did not remember every right that was advised, she affirmed specifically that "each and every ordinary right was discussed [and] [t]here was nothing that appeared to have been left out." (*Id*. at 35.) Plea counsel was asked about the specific right to remain silent two separate times– both on direct and cross examination:

> "Q [by the State]: So did the judge ask the Applicant if he wished to waive his right to a jury trial, confront his accuser and his right to remain silent?
>
> A [by plea counsel]: He did.
>
> Q: And you recall that?
>
> A: I do.
>
> Q: Did the Applicant testify he waived those rights?
>
> A: Yes. I mean, it's usually one word."

(ECF No. 14-1 at 44.) Plea counsel also testified Petitioner had denied he was "under the influence of any drugs or alcohol that day," and recounted he had no worries about Petitioner's competence in light of his "dealings with [Petitioner] on [that] morning." (*Id*.) Plea counsel reaffirmed his testimony on cross examination.[2]

---

[2] PCR counsel questioned plea counsel as follows:

> Q [by PCR counsel]: Okay. And you specifically remember the judge said you're giving up your right to a trial by pleading guilty today?
>
> A [by plea counsel]: Yes, sir.
>
> Q: You remember that the judge said Mr. Adams, you're giving up your right to remain silent by pleading guilty today?
>
> A: Yes.

(ECF No. 14-1 at 50.)

Petitioner's argument misconstrues this testimony. The purpose of reconstruction is to permit the court to piece together the transcript of a prior hearing and determine what transpired. *China v. Parrott*, 162 S.E.2d 276, 278 (S.C. 1968). But "the inability to prepare a complete verbatim transcript, in and of itself, does not necessarily present a sufficient ground for reversal." *State v. Ladson*, 644 S.E.2d 271, 273 (S.C. Ct. App. 2007) (citing majority law from numerous other jurisdictions). Here, both plea counsel and the prosecutor remembered what was, by all measures, "basically a standard plea." (ECF No. 14-1 at 47.) The court used testimony from these two witnesses to bolster the record on this ground. And since both witnesses essentially agreed that Petitioner was informed of all relevant rights (*id*. at 35, 47), even if one witness could not recall specific statements from the colloquy, the court had sufficient factual support to conclude Petitioner's guilty plea was properly informed.

It is neither required nor possible for every witness to remember every statement made at the original hearing. Plea counsel testified twice that the right to remain silent was raised during the colloquy and that Petitioner was competent to plead that day. This reinforced the record by filling in any gaps in the prosecutor's memory. When it is the Petitioner's words against those of the other witnesses, the PCR court must weigh the evidence to determine whom to believe. Petitioner's conclusory allegations disagreeing with the other testimony cannot therefore raise a genuine issue of material fact. The PCR court deemed the testimony of the prosecutor and plea counsel credible because it overlapped on crucial issues and each witness recalled specific details from the hearing. (ECF No. 14-1 at 128-29.) Petitioner cannot point to evidence which establishes that any specific rights were not discussed during his plea, and has failed to rebut the credibility findings of the PCR court in multiple appeals and other filings to date. His claim that the prosecutor could not recall the specific mention of two rights falls far short of this mark. This

8

court has "no license to redetermine [the] credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall*, 459 U.S. at 434 (citing 28 U.S.C. § 2254(d)). Because Petitioner has not demonstrated by clear and convincing evidence that he was not properly apprised of his constitutional rights, the PCR court's findings regarding the voluntariness of his guilty plea remain a reasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

### B. Petitioner's Testimony

Next, Petitioner challenges the Magistrate Judge's statement that "Petitioner has not identified any law – either federal or state – that require[d] the testimony of the plea judge, the court report[er], or Petitioner for his reconstruction hearing to be legitimate." (ECF No. 31 at 4 (citing ECF No. 27 at 22).) Petitioner argues due process guarantees the opportunity to be heard before a tribunal adjudicating his right to life, liberty or property. (ECF No. 31 at 5 (citing U.S. Const. amend. XIV; S.C. Const. art. I § 3).) Indeed, due process fundamentally requires "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, (1965)). But "unlike some legal rules, it is not a technical conception with a fixed content unrelated to time, place and circumstances." *Id*. (citing *Cafeteria Workers v. McElroy*, 367 U.S. 886, 895 (1961)). Instead, it is a "flexible" notion which "calls for such procedural protections as the situation demands." *Id*. (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). The Supreme Court of South Carolina has recognized that "[d]ue process is not violated where a party is not given the opportunity to confront witnesses so long as there has been a meaningful opportunity to be heard." *In re Vora*, 582 S.E.2d 413, 418 (S.C. 2003).

9

Petitioner has not shown that his due process rights were violated here. He was represented by counsel and confronted both plea counsel and the prosecutor from the plea proceedings via direct and cross examination. At the reconstruction/PCR hearing, Petitioner argued that his plea was involuntary due to the plea court's failure to advise him of certain constitutional and statutory rights. (ECF No. 14-1 at 23.) His attorney probed both witnesses on this issue and questioned them painstakingly on their recollection of the individual rights the plea court had discussed with Petitioner. While it is unclear why Petitioner did not testify during the reconstruction portion of the hearing, he did testify during the latter portion. (*Id*. at 60-92.) At the close of testimony regarding the plea hearing, the State moved to deem the record adequately reconstructed. (*Id*. at 56-57.) Petitioner objected that no testimony from the trial judge had yet been heard[3] but did not indicate in any manner that he himself intended to testify as to the reconstruction at that time. Nor does the record demonstrate that the court denied Petitioner any opportunity to testify then. Once the court determined that the reconstructed record was adequate,[4] it proceeded to hear Petitioner's

---

[3] The court notes the highly unusual nature of this objection: trial judges will generally not be called to testify at a reconstruction hearing. *Cf. Parson v. State*, No. 2011-MO-004, 2011 WL 11748260, at *1 (S.C. Jan. 31, 2011) (considering a South Carolina magistrate judge's "testimony about his general practice in criminal cases," but concluding a criminal proceeding involving a traffic offense which lacked any record could not be reconstructed fourteen years later).

[4] Petitioner objected to the State's request for a finding on the record that the transcript of the plea proceedings had been reconstructed. (ECF No. 14-1 at 57.) As stated, Petitioner argued the testimony of the trial judge was not presented. (*Id*.) But Petitioner did not object that he himself had not yet testified and does not now present evidence that the court somehow barred him from doing so. Indeed, his testimony would have likely been unnecessary, because all parties knew Petitioner intended to testify later in the hearing. This is likely why Petitioner's objection only referenced the lack of testimony from a witness who had not been called by either side. Sure enough, Petitioner's later testimony discussed the plea colloquy and denied that he had been informed of his rights. There is no indication that the PCR court failed to consider this testimony. Therefore, Petitioner's arguments that he never waived his right to testify at the reconstruction hearing (ECF No. 31 at 11) are unavailing. The record indicates he testified during the joint hearing, and the court considered his testimony in writing its subsequent order denying PCR relief (ECF No. 14-1 at 125-133.)

arguments regarding the involuntary nature of his plea and his ineffective assistance claims. Petitioner's lengthy testimony covered his allegedly involuntary waiver of constitutional rights. (ECF No. 60-92.)  Notably, Petitioner answered "no" when asked by PCR counsel whether he had "any discussion with the judge about giving up certain constitutional rights when [he] pled guilty," and whether the judge informed him he was giving up his right to remain silent, right to a jury trial, right to confront accusers.  (*Id*. at 72-74.)  His testimony on this point contradicted that of the other witnesses, and the PCR court specifically weighed the credibility of the contradicting accounts before deeming Petitioner's testimony incredible in its written order.  (*Id*. at 128-29 (stating it "specifically finds the reconstructed plea hearing belies applicant's claim" that he had not been properly advised of his rights before breaking down the credibility of testimony given by the prosecutor and plea counsel).

Petitioner's claim that he was not afforded a constitutionally ordained opportunity to be heard on this issue is therefore without merit.  The record demonstrates the PCR court held a single hearing and considered Petitioner's testimony on every issue he raised.  In a written opinion, it explained its credibility determinations, referencing testimony from Petitioner and the other witnesses.  Petitioner confronted both plea counsel and the prosecutor through cross examination and eventually provided substantial testimony in support of his allegation that his plea was involuntary.  The court finds Petitioner has not demonstrated that the reconstruction/PCR hearing violated his due process rights as secured by the Fourteenth Amendment and the South Carolina Constitution.

### C. New Plea Colloquy and Remaining Objections

Finally, Petitioner argues that the PCR court failed to conduct a new plea colloquy with him, explaining that "by pleading guilty[he] is waiving several rights."  (ECF No. 31 at 7 (asserting

11

that "at the reconstruction [hearing], there was never a plea colloquy conducted between Petitioner and the PCR court" [*sic*]).) In support, Petitioner cites his own hearing testimony where he denied that the plea court explained he was waiving his rights by pleading guilty. (ECF No. 31 at 8-9.) To the extent Petitioner cites this as evidence that he was not adequately apprised of those rights, the court reiterates that his argument amounts to a request to re-weigh the credibility determinations of the PCR court and credit Petitioner's conclusory allegations over the testimony of other witnesses. This court cannot do so on habeas review. *See Marshall*, 459 U.S. at 434.

To the extent Petitioner argues that the PCR court had a separate obligation to conduct a *new* plea colloquy with Petitioner at the reconstruction/PCR hearing, he misunderstands the purpose of the hearing and the nature of the post-conviction proceedings. His guilty plea rendered him guilty of the charged offense. The PCR court did not adjudicate his guilt or impose any kind of sentence. It simply granted Petitioner the opportunity to present evidence exposing procedural problems in his original conviction. Because Petitioner had already pleaded guilty and been convicted of his crime, his rights upon pleading guilty were not at stake at the PCR hearing. Petitioner's argument on this ground fails at the inception.

The court finds that Petitioner's remaining objections amount to general disagreements with the Magistrate Judge's findings and merely repeat claims the Magistrate Judge properly considered and addressed. "The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this

context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano*, 687 F.2d at 47; *Christy S. o/b/o A.S. v. Saul*, No. 7:18-CV-00191, 2019 WL 4306978, at *1 (W.D. Va. Sept. 11, 2019) (restating arguments "does not constitute an objection for the purposes of district court review") (citation and internal marks omitted). As the court finds no clear error on the face of the record, the court accepts the Report and grants Respondent's Motion for Summary Judgment. (ECF No. 15.)

## V.     CONCLUSION

For the reasons set forth above, the court **ACCEPTS** the Report and Recommendation (ECF No. 27), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 15), and **DISMISSES** Petitioner's Habeas Petition (ECF No. 1) with prejudice.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DECLINES** to grant a certificate of appealability.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 14, 2022
Columbia, South Carolina

14